THIS ORDER IS APPROVED.

Dated: December 18, 2020

Brenda Moody Whinery, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEVE AGUIAR,<br>Debtor. | Chapter 7 Proceeding<br><br>Case No. 0:19-bk-00346-BMW |
| JIM D. SMITH, as Chapter 7 Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>STEVE AGUIAR,<br>Defendant. | Adversary Case No. 0:19-ap-00133-BMW<br><br>**RULING AND ORDER REGARING APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES / SANCTIONS** |

This matter is before the Court pursuant to the *Application for Allowance of Attorney's Fees / Sanctions* (the "Application") (Adv. Dkt. 18) filed by Jim D. Smith, the Chapter 7 Trustee and the Plaintiff in this action (hereinafter, "Mr. Smith"); the *Notice of Errata* (Adv. Dkt. 20) to which the *Response to Application for Fees and Sanctions* (the "Response") (Adv. Dkt. 20) filed by Steve Aguiar, the Debtor/Defendant (hereinafter, the "Debtor"), is attached;[1] and all filings related thereto.

The Court held a status hearing on the Application on December 7, 2020, at which time

[1] The Court will note that the Response and exhibits thereto were originally filed in the administrative case, case 0:19-bk-00346-BMW, at Dkt. 34. The Response only was later filed in this Adversary Case, at Dkt. 20.

the parties presented oral argument. At the conclusion of the hearing, the parties rested on the pleadings with respect to the threshold issue of whether sanctions are appropriate, and the Court took this discrete issue under advisement.

Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Given the silence in the pleadings, both parties are deemed to consent to the authority of the Court to enter final orders or judgments. *See* Local Rules 7008-1 & 7012-1.

## II. Factual & Procedural Background

On January 11, 2019, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, and Mr. Smith was appointed Chapter 7 Trustee. The Debtor originally scheduled cash in the amount of $25.00, as well as two checking accounts with a combined balance of $215.00. (Admin. Dkt. 1 at 15).[2] The Debtor claimed exemptions in his cash on hand and checking accounts. (Admin. Dkt. 1 at 23).

On February 18, 2019, Mr. Smith filed an application to be employed as attorney for the estate, which application was approved by the Court. (Admin. Dkts. 8, 9, 13).

On February 21, 2019, Mr. Smith filed a *Trustee's Motion to Require Debtor to Turnover Estate Assets* (the "Turnover Motion") (Admin. Dkt. 14), in which he asked the Court to order the Debtor to turnover $1,543.37, representing a cash withdrawal made one day before the petition date (the "Cash Withdrawal"). The Trustee alleged that the Debtor had not provided receipts regarding the disposition of the Cash Withdrawal, and that the Cash Withdrawal was in the possession of the Debtor as of the filing, such that it became property of the estate. Prior to or around the time the Turnover Motion was filed, the parties engaged in settlement discussions with respect to the Cash Withdrawal, which settlement discussions were unsuccessful. (Admin. Dkt. 34 at Ex. A).

[2] References to Admin. Dkt. are references to the administrative docket, case number 0:19-bk-00346-BMW.

On March 14, 2019, the Debtor filed a response to the Turnover Motion, in which he asserted that the Cash Withdrawal was mistakenly made and alleged that he could trace the Cash Withdrawal to the payment of expenses related to exempt assets and necessities of life, specifically a mortgage payment, electricity bill, and car insurance payment. (Admin. Dkt. 21).

On March 15, 2019, Mr. Smith filed a reply in support of the Turnover Motion, in which reply Mr. Smith alleged that there was no dispute that the Debtor had the Cash Withdrawal in his possession when he filed his petition, which Cash Withdrawal was not disclosed on his schedules. (Admin. Dkt. 22). In the reply, Mr. Smith alleged Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") violations and requested attorneys' fees. (Admin. Dkt. 22).

On March 29, 2019, Mr. Smith commenced this adversary proceeding.

On or about April 19, 2019, the Debtor delivered a check in the full amount of the Cash Withdrawal to Mr. Smith, which check Mr. Smith refused.

On May 2, 2019, the Debtor amended his schedules to disclose the Cash Withdrawal and the Debtor filed an answer to the adversary complaint. (Admin. Dkt. 26; Adv. Dkt. 7). In the answer, the Debtor admits that he had the Cash Withdrawal in his possession when he signed and filed his original schedules, but reiterates his argument that he set aside the funds to pay and did pay what he refers to as "necessities of life." Further, the Debtor denies the § 727 allegations raised in the complaint, and notes that he delivered a check in the amount of the Cash Withdrawal to Mr. Smith.

On July 11, 2019, Mr. Smith filed a motion for summary judgment in the administrative case, in which he again asked the Court to order the Debtor to turn over the amount of the Cash Withdrawal and make certain findings regarding the propriety of the Debtor's prior refusal to turn over the Cash Withdrawal. (Admin. Dkt. 28).

On August 8, 2019, the Court held an initial Rule 7016 scheduling conference in the adversary, at which time the Court ordered the Debtor to remit a check in the amount of the Cash Withdrawal, which check the Court ordered Mr. Smith to accept. The Court also authorized Mr. Smith to file an application for attorneys' fees for the Court's consideration.

The Debtor complied with the Court's order and remitted a check in the amount of the

Cash Withdrawal to Mr. Smith. (12/7/2020 Hearing Tr. 4:24-5:2).

Despite the Debtor's remittance and Mr. Smith's acceptance of this check, and despite the Debtor's amendment to his schedules, the parties continued to brief the motion for summary judgment in the administrative case, and Mr. Smith continued to pursue this adversary action.

On October 1, 2019, Mr. Smith filed the Application, in which he requests attorneys' fees in the amount of $4,500, as sanctions against the Debtor and counsel for the Debtor, for 18 hours of work done in connection with the Turnover Motion, the summary judgment motion, and this adversary proceeding.

The Debtor opposes the Application on the basis that he remitted a check in the full amount of the Cash Withdrawal early in these proceedings, which check the Debtor argues Mr. Smith unreasonably refused. It is the Debtor's position that Mr. Smith has unreasonably increased the costs of litigation.

## III. <u>Legal Analysis & Conclusions of Law</u>

Rule 9011 provides in relevant part:

> (b) **Representations to the court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been

violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) **How initiated.**
  (A) **By motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

. . .

(2) **Nature of sanction; limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
  (A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

. . . .

"[B]ankruptcy courts must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *In re Marsch*, 36 F.3d 825, 830 (9th Cir. 1994). "An award of sanctions for a violation of [Rule] 9011 or its counterpart in the FRCP, Rule 11, is an exceptionally serious matter, and is reserved for those rare situations in which a claim or defense

is asserted without any evidentiary support or legal basis, or for improper purposes, such as to harass or delay an opponent, or cause undue expense." *In re Quinones*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L.Ed.2d 359 (1990)).

The Court finds that based upon the record before it, Rule 9011 sanctions are not warranted.

As an initial matter, the Debtor took fairly prompt steps to correct and resolve the issues pertaining to the disclosure and turnover of the Cash Withdrawal. The Debtor offered to remit the full amount of the Cash Withdrawal at issue shortly after the complaint was filed, and before the Turnover Motion was fully briefed. Further, the Debtor amended his schedules to disclose the Cash Withdrawal.

Ultimately, the Court cannot find that the Debtor's filings with respect to the Turnover Motion, motion for summary judgment, or adversary complaint are facially frivolous or were filed for an improper purpose. With respect to whether the filings were frivolous, the Court cannot find that the filings at issue were baseless or completely without legal foundation. *In re Marsch*, 36 F.3d at 830. There were property of the estate issues involved and there are no facts in the record to indicate that the factual allegations or denials contained in the Debtor's filings were not likely to be supported by evidence. Moreover, given that the filings were responsive in nature, given that the parties were engaged in settlement negotiations, and given that the Debtor tendered a check in the full amount of the Cash Withdrawal after these responsive pleadings were filed, and before any Court action was requested, the Court cannot find that the Debtor's papers were filed for an improper purpose.

## IV. <u>Conclusion</u>

Based upon the foregoing, in consideration of the record before the Court and totality of the circumstances in this case, it is the determination of the Court that sanctions are not warranted. As such, and for good cause shown;

**IT IS HEREBY ORDERED** that the Application is denied.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the Bankruptcy Noticing Center (“BNC”) to the following:

Steve Aguiar
909 East 26th St
Yuma, AZ 85365

All Interested Parties

Notice of Electronic Filing to be sent via email, through the CM/ECF System, to ALL registered users, including:

Phil Hineman
Law Office of Phil Hineman
*Counsel for Debtor*

Jim D. Smith, Chapter 7 Trustee

U.S. Trustee, Office of the U.S. Trustee